## Case No. 5,518.

GOLDSBOROUGH v. McWILLIAMS.

[2 Cranch, C. C. 401.] [1]

Circuit Court, District of Columbia. April Term, 1823.

ARBITRATION AND AWARD—FAILURE TO DELIVER WITHIN TIME PRESCRIBED—ACTION AT LAW BETWEEN PARTNERS.

1. An award, signed by J. Mechlin and John P. Ingle, as an award made in pursuance of a reference to them, will not support an averment of an award or umpirage made by the said John P. Ingle as umpire, upon the failure of the two original arbitrators, J. Mechlin and Charles L. Nevitt. to deliver their award within the time limited by the bond.

2. An award not delivered within the time prescribed by the arbitration bond is not valid.

3. When the time for delivering an award is limited by the arbitration bond, parol evidence cannot be received to show an extension of the time.

4. One partner cannot maintain an action at law against the other partner upon a partnership transaction, unless for a balance struck, with a promise to pay.

Assumpsit for not performing an award, and for use and occupation of a brick-yard, with the common money counts. The condition of the arbitration bond was to "stand to, observe, and fulfil the award, order, arbitrament, final end, and determination of Charles Nevitt and Joseph Mechlin," &c., "so as the award of the said arbitrators be made and set down in writing under their hands and seals, ready to be delivered to the said parties in difference on or before the first day of August next (1819) ensuing the date hereof; and if the said arbitrators shall not make such their award of and concerning the premises within the time limited as aforesaid, then if the said Clement McWilliams, his heirs," &c., "shall well and truly stand to, observe, perform, and fulfil, and keep, the award, determination, and umpirage of John P. Ingle, being a person

1 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by Hon. William Cranch, Chief Judge.]

indifferently named and chosen between the said parties for umpire; so the said umpire do make and set down his award and umpirage in writing, under his hand and seal, ready to be delivered to the said parties in difference, on or before the first day of August next ensuing the date hereof, then this obligation to be void," &c.; dated the 21st July, 1819.

The first count in the declaration, which was the only count upon the award, avers that the parties before the 1st of August, 1819, agreed to extend the time beyond that day, "and to give further time to the said arbitrators or umpire, as the case might be, until the —— day of ——, in the year ——, to make, set down in writing, and deliver the award or umpirage, as the case might be;" and that the defendant promised "to abide by, keep, and perform his part of the award or umpirage, as the case might be, which might or should be made as aforesaid, at or before the expiration of the time last mentioned." That the arbitrators, Nevitt and Mechlin, never made any award in the premises, nor did the said umpire, John P. Ingle, on or before the said 1st day of August, make any award or umpirage; but afterwards, on the 5th of August, 1819, he "made his award or umpirage in the premises in writing, under his hand and seal, and delivered the same in two parts, or duplicate, one to each of the parties in this cause," and thereby awarded the defendant to pay the plaintiff $449, &c.

The award produced and offered in evidence by the plaintiff [C. W. Goldsborough], was dated the 5th of August, 1819, and was under the hands and seals of J. Mechlin and John P. Ingle, and recited that the matters in difference had been submitted to them; and then says, "Now know ye, that we the subscribers having fully examined and duly considered the proofs and allegations of the said parties, do award as follows," &c. It says nothing of the umpirage of John P. Ingle, but proceeds as if he and J. Mechlin were the original and only arbitrators appointed by the parties, not mentioning the name of Charles L. Nevitt.

Mr. Key and Mr. Ashton, for defendant, objected to the award as evidence in this cause, because it was neither an award by the original referees, nor by the umpire as such.

Mr. Lear and Mr. Jones contended that it was, in substance, an umpirage made by the umpire, and was not the worse for being made with the consent of one of the original arbitrators.

But THE COURT (THRUSTON, Circuit Judge, absent) decided, that the award did not support the averment of an umpirage by J. P. Ingle, and rejected it as inadmissible evidence. THE COURT also refused to receive parol evidence of an agreement to extend the time limited by the bond for the delivery of the award.

Mr. Lear, for plaintiff, objected to the reading of a deposition, because, in the caption, this court is called the "Circuit Court of the United States for the County of Washington in the District of Columbia," whereas the style of this court is, the "Circuit Court of the District of Columbia for the County of Washington."

But THE COURT overruled the objection.

THE COURT, at the prayer of the defendant's counsel, instructed the jury that, if they should be satisfied by the evidence, that a partnership existed between the plaintiff and the defendant in regard to the transactions upon which this action is founded, the plaintiff cannot recover unless a balance was struck by the parties, and the defendant promised to pay it; and that the articles of agreement read in evidence, were evidence of such a partnership.

Verdict for the defendant.

Motion, by the plaintiff's counsel, for a new trial, on the ground of error in law in the opinions and instructions of the court. At October term, 1823, the motion came on to be heard, and the point principally urged was, that the articles of agreement, read in evidence, were not evidence of a partnership in the brick-making business. By these articles, the plaintiff rents to the defendant, certain brickkilns, sheds, and yards, and his right to clay, and one half of his right to use a certain patented machine for making front bricks. Each party was to furnish an equal quantity of tools, implements, and labor, and to pay for one half of improvements to the kilns, sheds, &c. The defendant was to work the yard to every advantage, with eight gangs; to pay the plaintiff $200, for one half of his right to use the patented machine; to keep an accurate account, with vouchers, of all expenses, and of all bricks sold, and to pay the plaintiff, as rent for the kilns, sheds, &c., one half of the net profits resulting from the brick-making business, to be paid from time to time out of the sales of bricks, and to be charged to him, and brought into the ultimate settlement of each year's business; which settlements were to be made on the 20th of December of each year. The agreement was to continue as long as the plaintiff should have a right to work the clay, under his agreement with the corporation of Washington, but either party might withdraw at the end of any year.

To show that these articles did not constitute a partnership in the brick-making business, Mr. Lear, for plaintiff, cited Hesketh v. Blanchard, 4 East, 144, and Hoare v. Dawes, 1 Doug. 371.

But THE COURT (THRUSTON, Circuit Judge, absent) was still of opinion that the articles constituted a partnership between the plaintiff and defendant, and overruled the motion for a new trial.

Judgment for the defendant.